Joseph ZUPPARDO, Plaintiff,

v.

SUFFOLK COUNTY VANDERBILT
MUSEUM, Defendant.

No. CV 96–4410(ADS).

United States District Court,
E.D. New York.

Oct. 17, 1998.

As Amended Oct. 21, 1998.

David M. Lira, Garden City, NY, for Plaintiff.

Office of the Suffolk County Attorney, Hauppauge, NY (Jeltje deJong, Assistant County Attorney, Janice Whelan Shea, Assistant County Attorney, of counsel), for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The plaintiff, Joseph Zuppardo ("Zuppardo" or the "plaintiff") initiated this action against his former employer, the Suffolk County Vanderbilt Museum (the "Museum" or the "defendant") on September 6, 1996 by filing a complaint alleging employment discrimination and retaliatory discharge under the Americans With Disabilities Act ("ADA"), the Rehabilitation Act, and the New York State Human Rights Law ("NYSHRL"). At issue is the defendant's motion for summary judgment dismissing the complaint.

## I. BACKGROUND

Except where otherwise indicated, the following facts are not in dispute.

The plaintiff was employed at the Museum and held the title of Planetarium Technician Assistant from approximately June 14, 1993 until May 16, 1994, when his employment was terminated. As a Planetarium Technician Assistant, the plaintiff was responsible for maintaining equipment and audio-visual systems, and performing related work as needed.

On or about October 1993, Zuppardo allegedly was in a car accident, as a result of which, he claims, he sustained back injuries that exacerbated a pre-existing problem of one leg being shorter than the other. Thereafter, according to Zuppardo, he began experiencing difficulty walking, sitting, standing, pushing and pulling. He alleges he was unable to walk more than 1/8 of a mile without suffering severe pain and needing to rest. In addition, the anxiety and depression he suffered from prior to the accident grew worse, although the plaintiff concedes that these latter, mental impairments, do not rise to the level of "disabilities" within the meaning of the ADA and related statutes. The Court notes that the plaintiff has not supplied any medical evidence, such as a medical record, hospital record, doctor's report or expert deposition testimony in support of his allegations concerning his physical and mental conditions.

The complaint sets forth five causes of action, which may be summarized as follows. The First Cause of Action, For "Harassment," alleges that the Museum and its staff regarded Zuppardo as suffering from a mental impairment, and created a hostile work environment which discriminated against him based on this perceived disability. Specifically, the plaintiff contends that the Museum conducted unwarranted searches of his desk, failed to provide him with a clean work environment, permitted co-workers to make disparaging remarks about him, and refused to take corrective action when he complained about the alleged harassment. In the Second Cause of Action, for "Denial of a Term or Condition of Employment," the plaintiff claims that the Museum refused to provide Zuppardo with tuition reimbursement, to which he was entitled, because of his actual or perceived disabilities. During oral argument, the plaintiff voluntarily withdrew this cause of action. The Third Cause of Action, for "Failure to Promote," maintains that the Museum twice denied Zuppardo promotions because of his actual and perceived disabilities. The Fourth Cause of Action, for "Wrongful Termination of Employment," al-

leges that the Museum terminated him because of his actual and perceived disabilities. Under the Fifth Cause of Action, for "Retaliatory Termination of Employment," the plaintiff asserts that the Museum terminated his employment because he had complained of the discriminatory practices and hostile work environment.

## II. DISCUSSION

### A. Summary Judgment: The Standard

Summary judgment is appropriate only where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law. *In re Blackwood Associates, L.P.*, 153 F.3d 61, 67 (2d Cir.1998) (citing Fed.R.Civ.P. 56[c]; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 [1986]; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 [1986]). In deciding a summary judgment motion, the district court must resolve all ambiguities and draw all reasonable inferences in the light most favorable to the opposing party. *Castle Rock Entertainment, Inc. v. Carol Pub. Group, Inc.*, 150 F.3d 132, 137 (2d Cir.1998) (citing *Garza v. Marine Transp. Lines, Inc.*, 861 F.2d 23, 26 [2d Cir.1988]). If there is evidence in the record as to any material fact from which an inference could be drawn in favor of the non-movant, summary judgment is unavailable. *See Holt v. KMI–Continental, Inc.*, 95 F.3d 123, 128 (2d Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1819, 137 L.Ed.2d 1027 (1997); *Rattner v. Netburn*, 930 F.2d 204, 209 (2d Cir.1991). The trial court's task is "carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *B.F. Goodrich v. Betkoski*, 99 F.3d 505, 522 (2d Cir.1996) (quoting *Gallo v. Prudential Residential Servs., Ltd., Partnership*, 22 F.3d 1219, 1224 [2d Cir.1994]), *cert. denied sub nom., Zollo Drum Co., Inc. v. B.F. Goodrich Co.*, —— U.S. ——, 118 S.Ct. 2318, 141 L.Ed.2d 694 (1998).

It is within this framework that the Court addresses the grounds for the Museum's motion for summary judgment.

### B. The Americans With Disabilities Act, The Rehabilitation Act and the New York Human Rights Law: The Standards

#### 1. *The ADA and Rehabilitation Act*

The ADA prohibits an employer from discriminating against an employee "because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

A plaintiff alleging employment discrimination under the ADA bears the initial burden of establishing a prima facie case. *Ryan v. Grae & Rybicki, P.C.*, 135 F.3d 867, 869 (2d Cir.1998) (citing *Wernick v. Federal Reserve Bank of N.Y.*, 91 F.3d 379, 383 [2d Cir.1996]). To establish a prima facie case of discriminatory discharge, a plaintiff must show that: (1) his employer is subject to the ADA; (2) he suffers from a disability within the meaning of the ADA; (3) he could perform the essential functions of his job with or without reasonable accommodation; and (4) he was fired because of his disability. *Ryan v. Grae & Rybicki*, 135 F.3d at 870 (citing *Bates v. Long Island R.R. Co.*, 997 F.2d 1028, 1035 [2d Cir.1993]; *Heilweil v. Mount Sinai Hosp.*, 32 F.3d 718, 722 [2d Cir.1994], *cert. denied*, 513 U.S. 1147, 115 S.Ct. 1095, 115 S.Ct. 1095, 130 L.Ed.2d 1063 [1995]).

The statute defines "disability" as: (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such impairment. 42 U.S.C. § 12102(2); *see also Bragdon v. Abbott*, —— U.S. ——, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998). Regulations promulgated by the Justice Department under Title II of the ADA explain that a "mental impairment" includes "[a]ny mental or psychological disorder such as mental retardation, organic brain syndrome, emotional or mental illness, and spe-

cific learning disabilities." 28 C.F.R. § 35.104 (at Disability [1][i][B] ). These same regulations define "major life activities" as "functions such as . . . walking, seeing, hearing, speaking, breathing, learning, and working." 28 C.F.R. § 35.104 (at Disability [2] ); *see also Bartlett v. New York State Board of Law Examiners,* 156 F.3d 321, 327–28 (2d Cir.1998). The Supreme Court recently observed that "The ADA's definition of disability is drawn almost verbatim from the definition of 'handicapped individual' included in the Rehabilitation Act of 1973, 29 U.S.C. § 706(8)(B) (1988 ed.) . . . [and that courts should] construe the ADA to grant at least as much protection as provided by the regulations implementing the Rehabilitation Act." *Bragdon v. Abbott,* 118 S.Ct. at 2202.

While the ADA does not define "substantial limitation," the regulations promulgated by the EEOC under the ADA explain these terms. These regulations, though not binding, provide guidance in interpreting the ADA. *See Francis v. City of Meriden,* 129 F.3d 281, 283 n. 1 (2d Cir.1997) (great deference is owed EEOC regulations interpreting the ADA). Under these regulations, an individual is "substantially limited" when he is:

(i) Unable to perform a major life activity that the average person in the general population can perform; or

(ii) Significantly restricted as to the condition, manner or duration under which [he] can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630.2(j)(1).

Also, significantly, the regulations instruct that:

[t]he following factors should be considered in determining whether an individual is substantially limited in a major life activity:

(i) The nature and severity of the impairment;

(ii) The duration or expected duration of the impairment; and

(iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment.

*Id.* § 1630.2(j)(2).

Although not entirely clear, it appears that Zuppardo presents two theories in support of his claim that he is disabled under the above standards. First, he contends that his leg and back conditions substantially limit a major life activity: walking. Second, he seems to assert that even if he is not, in fact, disabled, the Museum "regarded" him as being mentally disabled.

### 2. *NYSHRL*

In a similar vein, the NYSHRL, Executive Law § 296(1)(a), provides that "[i]t shall be an unlawful discriminatory practice . . . [f]or an employer . . . because of the . . . disability . . . of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual." The NYSHRL's definition of "disability" is broader than that contained in the ADA, and "covers a range of conditions varying in degree from those involving the loss of a bodily function to those which are merely diagnosable medical anomalies which impair bodily integrity and thus may lead to more serious conditions in the future." *State Div. of Human Rights v. Xerox Corp.,* 65 N.Y.2d 213, 491 N.Y.S.2d 106, 109, 480 N.E.2d 695 (1985) ("*Xerox*"). Specifically, Executive Law § 292(21) defines the term "disability" as "a physical, mental or medical impairment resulting" from "anatomical, physiological or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques." *See Delta Air Lines v. New York State Div. of Human Rights,* 91 N.Y.2d 65, 72, 666 N.Y.S.2d 1004, 1007, 689 N.E.2d 898 (1997).

### C. **Is Zuppardo "Disabled" as Defined Under the ADA and Rehabilitation Act?**

According to Zuppardo, he is "disabled" within the meaning of the ADA because his ability to walk has been impaired by his leg and back conditions. In the Court's view,

Zuppardo has failed to show that his walking was substantially limited by his leg and back conditions, and, accordingly, his ADA and Rehabilitation Act claims fail as a matter of law.

■ As explained above, the Court considers three factors in determining whether Zuppardo's condition constitutes a substantial limitation within the meaning of the ADA and Rehabilitation Act. *See* 29 C.F.R. § 1630.2(j)(2). The first factor, the nature and severity of the impairment, weighs against finding a substantial limitation. Zuppardo testified in his deposition that he is able to care for himself, walk some distances, navigate stairs, perform his non-sedentary work duties, and even climb to the planetarium dome.

The second factor, the duration or expected duration of the impairment, also weighs against a finding of substantial limitation. "The term 'duration' ... refers to the length of time an impairment persists." 29 C.F.R. Part 1630, App. § 1630.2(j). Although Zuppardo's condition may persist, he testified at his deposition that he is only sporadically symptomatic and that the pain he occasionally suffers from when walking is controllable with medication.

The final factor, the expected long term impact resulting from the impairment, further undermines a finding of substantial limitation. "[T]he term 'impact' refers to the residual effects of an impairment." *Id.* Although Zuppardo may always suffer from leg and back problems, he acknowledges that these difficulties vary in intensity, and are not always symptomatic. During the year Zuppardo was employed at the Museum, he generally was able to attend to his non-sedentary duties. He provided absolutely no evidence that his impairments, to the extent they even can be labeled as such, will have a significant impact on his ability to work. As noted above, the plaintiff has failed to supply any medical evidence of his condition. Notably absent is a single hospital record, doctor's report, expert deposition testimony, or any medical proof whatsoever. "Given this lack of evidence, no reasonable jury could conclude that the plaintiff was disabled within the meaning of the ADA." *Charlotten v. May*

*Department Stores Co.*, No. 97 Civ. 8962 (HB), 1998 WL 635547, *4 (S.D.N.Y. Sept.16, 1998).

In sum, "Although almost any impairment may, of course, in some way affect a major life activity, the ADA clearly does not consider every impaired person to be disabled. Thus, in assessing whether a plaintiff has a disability, courts have been careful to distinguish impairments which merely affect major life activities from those that substantially limit those activities." *Ryan v. Grae & Rybicki*, 135 F.3d at 870 (citing *Roth v. Lutheran Gen. Hosp.*, 57 F.3d 1446, 1454 [7th Cir. 1995] ). In the Court's opinion, while Zuppardo's ability to walk may well be "affected," it was not "substantially impaired," and he failed to prove he was "disabled" as a matter of law.

### D. Was Zuppardo "Regarded as Disabled" By His Employer?

The Court notes that even if the plaintiff were unable to show that he suffers from an impairment that substantially limits a "major life activity" within the meaning of the ADA, he would still be considered "disabled" for purposes of that statute if he could show that he was "regarded as having such an impairment." 42 U.S.C. § 12102(2)(C). The EEOC regulations elaborate on this provision of the ADA's definition of disability as follows:

Is regarded as having such an impairment means:

(1) Has a physical or mental impairment that does not substantially limit a major life activity but is treated by a covered entity as constituting such limitation;

(2) Has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or

(3) Has none of the impairments defined [by the EEOC regulations] but is treated by a covered entity as having a substantially limiting impairment.

29 C.F.R. § 1630.2(*l* ).

The plaintiff does not argue that his mental impairments rise to the level of a disabili-

ty. Rather, he asserts that he was "treated by [the Museum] as having a substantially limiting impairment." *Id.* § 1630.2(*l*)(3). In this regard, he implicitly invokes the first prong of the EEOC definition of "regarded as" disability by asserting that a reasonable jury could conclude that the Museum perceived him as being disabled or substantially limited in his ability to perform a major life activity under the ADA.

■ As noted above, to make out a "regarded as disabled" claim, a plaintiff must show that the defendant perceived his impairment as substantially limiting the exercise of a major life activity. *Reeves v. Johnson Controls World Services, Inc.,* 140 F.3d 144, 154 (2d Cir.1998). Here, the plaintiff's claim fails as a matter of law because he does not specify which major life activity the Museum allegedly perceived as substantially limited by his mental impairment. Although apparently not raised, the Court rejects the possibility that the Museum perceived Zuppardo as substantially limited in his ability to engage in "walking" because the plaintiff presents no evidence tending to show that the Museum perceived it as such.

■ While the argument is not clearly advanced by the plaintiff, the Court considers the possibility that the Museum perceived Zuppardo as limited in the major life activity of "working." An individual is substantially limited in the ability to work only if he is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs." 29 C.F.R. § 1630.2(j)(3)(i); *see also Wernick v. Federal Reserve Bank of New York,* 91 F.3d at 383–84 ("The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working."). In this case, however, even assuming that the plaintiff was able to establish that the Museum viewed Zuppardo as suffering from a mental impairment, there has been no suggestion that the Museum perceived such impairment as interfering with his ability to perform his essential job functions. "In this light, even drawing all reasonable inferences in favor of plaintiff, as we must in reviewing the [motion for] summary judgment [by the] defendant[ ], there is no basis for concluding that defendant[ ] viewed plaintiff as being substantially limited in his ability to work in his then-current position, much less in 'a broad range of jobs.' " *Reeves v. Johnson Controls World Services, Inc.,* 140 F.3d at 154 (citing 29 C.F.R. § 1630.2[j][3][i] ). Accordingly, the Court finds, as a matter of law, that the plaintiff was not "regarded as" having a disability.

Because Zuppardo neither suffered from, nor was regarded as having, a disability within the meaning of the ADA—and thus is not disabled for ADA and Rehabilitation Act purposes—he has failed to make out a prima facie case of discrimination under the statutes, and the defendant's motion for summary judgment dismissing these causes of action is granted.

**E. Is Zuppardo Disabled Under the NYSHRL?**

In the Court's opinion, Zuppardo's NYSHRL claim must be dismissed because nothing in the record supports the proposition that he suffers from a legally defined or cognizable "medical impairment" which restricts his "normal bodily function"; nor has he established that he suffers from a "diagnosable medical anomaly which impairs bodily integrity and thus may lead to more serious conditions in the future." *See Delta Air Lines v. New York State Div. of Human Rights* 91 N.Y.2d at 72, 666 N.Y.S.2d at 1008, 689 N.E.2d 898 (quoting *Xerox,* 65 N.Y.2d 213, 491 N.Y.S.2d 106, 480 N.E.2d 695). His NYSHRL claims therefore fail as a matter of law.

The Court finds instructive the case of *Delta Air Lines v. New York State Div. of Human Rights,* 91 N.Y.2d at 72, 666 N.Y.S.2d at 1008, 689 N.E.2d 898, where the New York State Court of Appeals rejected the claims of the plaintiff flight attendants that they were disabled because they were "overweight" as determined by the employer's weight standards. In discussing the seminal case of *Xerox, supra,* 65 N.Y.2d 213, 491 N.Y.S.2d 106, 480 N.E.2d 695, the *Delta Air Lines* Court observed the following:

> *Xerox,* 65 N.Y.2d 213, 491 N.Y.S.2d 106, 480 N.E.2d 695 is quite a distinct and

legally distinguishable matter. There, the discrimination claim arose out of the allegation that Xerox refused to hire someone because of obesity (*id.* at 215, 491 N.Y.S.2d 106, 480 N.E.2d 695). The examining physician determined that the complainant, who was 5 feet 6 inches and weighed 249 pounds, suffered from a condition of "gross obesity" (*id.* at 215–216, 65 N.Y.2d 213, 491 N.Y.S.2d 106, 480 N.E.2d 695). The Court held that "the Commissioner could find that the complainant's obese condition itself, which was clinically diagnosed and found to render her medically unsuitable by the respondent's own physician, constituted an impairment and therefore a disability within the contemplation of the statute" (*id.* at 219, 65 N.Y.2d 213, 491 N.Y.S.2d 106, 480 N.E.2d 695; *see also, Underwood v. Trans World Airlines,* 710 F.Supp. 78, 83–84). Interpreting and applying the Executive Law to that particular record set of circumstances, the Court stated that "the statute covers a range of conditions varying in degree from those involving the loss of a bodily function to those which are merely diagnosable medical anomalies which impair bodily integrity and thus may lead to more serious conditions in the future" (*Xerox, supra,* 65 N.Y.2d at 219, 491 N.Y.S.2d 106, 480 N.E.2d 695).

The *Delta Air Lines* Court went on to distinguish *Xerox,* on the ground that the plaintiffs "did not proffer evidence or make a record establishing that they are medically incapable of meeting Delta's weight requirements due to some cognizable medical condition. That was crucial in *Xerox* and is utterly absent here. We are satisfied that weight, in and of itself, does not constitute a disability for discrimination qualification purposes and the discrimination claims in that respect are, therefore, correctly unsustainable."

■ Here, the Court finds that the Zuppardo is in a similar legal position as the plaintiffs in *Delta Air Lines,* and for largely the same reason: he has failed to proffer evidence or establish a record that he suffers from a legally cognizable medical impairment. There is simply an absence of proof substantiating his assertions that he suffers

from a disability, even under the more liberal definition of the NYSHRL. Indeed, there is not a shred of evidence in support of a medical disability, aside from his own baldly stated contentions—not a single doctor's report, hospital or doctor's record, or expert witness deposition testimony. Accordingly Zuppardo's NYSHRL claim fails as a matter of law.

## III. CONCLUSION

Having reviewed the parties' submissions and heard oral argument, it is hereby

**ORDERED,** that the defendant's motion for summary judgment is granted and the complaint is dismissed in its entirety; and it is further

**ORDERED,** that the Clerk of the Court is directed to close the case.

**SO ORDERED.**